UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROGER DUANE TALIAFERRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, STATE OF ) | |
| TENNESSEE, HAMILTON COUNTY, ) | Case No: 1:08-cv-72 |
| TENNESSEE, WAL-MART STORES, INC. ) | |
| DOLLAR GENERAL STORES, ) | |
| COUNTRYWIDE HOME LOANS, ) | |
| CITIGROUP GLOBAL MARKETS, ) | |
| NORTHWEST GEORGIA BANK, CAPITAL ) | |
| ONE, CITI CARDS, ATLANTIC CREDIT & ) | |
| FINANCE, WASHINGTON MUTUAL BANK,) | Chief District Judge Curtis L. Collier |
| CHASE BANK, WELLS FARGO ) | |
| FINANCIAL, UT FAMILY PRACTICE ) | |
| MEDICAL CENTER, and SOMO ) | |
| ENTERPRIZE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is the complaint of plaintiff Roger Duane Taliaferro ("Plaintiff"). Plaintiff has proceeded in this action pro se and in forma pauperis (Court File No. 4). Several defendants have filed motions to dismiss, and other defendants have not yet been served. Under the briefing schedule established by the local rules of the Eastern District of Tennessee, the time has not yet run for Plaintiff to respond to the motions to dismiss by most of the defendants. However, the complaint fails to state a claim for relief, and the Court will **DISMISS** the Complaint under 28 U.S.C. § 1915(e)(2).

## I. STANDARD OF REVIEW

Plaintiff is proceeding in forma pauperis in this action (Court File No. 4). A court shall dismiss a case proceeding in forma pauperis at any time if the court determines that the action or appeal "is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "The courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, then the district court must sua sponte dismiss the complaint." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008). The standards for dismissing a complaint for failure to state a claim under § 1915(e)(2) or Fed. R. Civ. P. 12(b)(6) are identical. *Id*. at 924.

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accepts the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determines whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1974 (2007) (rejecting traditional Fed. R. Civ. P. 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). The Court may not grant a 12(b)(6) motion based upon its disbelief of a complaint's factual allegations, *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), nor should the Court weigh the evidence or evaluate the credibility of witnesses, *id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The question is not whether the plaintiff will ultimately prevail but whether "the

claimant is entitled to offer evidence to support the claims." *Kroll v. United States*, 58 F.3d 1087 (6th Cir. 1995); *Ecclesiastical Order of the ISM of AM., Inc. v. Internal Revenue Serv.*, 725 F.2d 398, 403 (6th Cir. 1984). At the same time, bare assertions of legal conclusions are insufficient, and the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

**II.    DISCUSSION**

    **A.    Constitutional Violations**

Plaintiff alleges all defendants engaged in a conspiracy to deprive him of his rights under the United States Constitution. The complaint frequently makes these allegations of conspiracies, but Plaintiff has alleged no facts in the complaint, which if true, would establish either the existence of a conspiracy or a violation of the United States Constitution. Instead the complaint makes vague allegations related to the war on drugs, the public educational system, the fact Plaintiff was granted custody of his children after divorce, the 2008 presidential election, and the existence of the United States Government generally. Without exception the complaint fails to either provide facts that would allow the Court to consider whether a cause of action exists or provide some viable legal theory upon which relief might be granted. Consider as an example, the paragraph condemning the "drug war" on page 5:

> Such as, plaintiff will show how the defendants, named in this action, have perpetrated such an atrocity as a corrupt, unlawful, unconstitutional, and extremely fraudulent and terroristic, organized, and syndicated, socially imposed upon activity known as the "Drug War," for the sake and benefit of economically controlled prosperity, and control over social and economic conditions, all for the benefit of certain individuals, and, thereby victimizing countless innocent individuals, such as

> plaintiff, and causing physical and mental suffering throughout the entire world of human beings, as they have trechored, fraudulently, and vicsiously against others, for the sake of prosperity for certain others, and such, via its entwinement into the world markets, a Drug War" socialization.[1]

Plaintiff apparently disagrees with the war on drugs, but provides no facts or legal theories explaining how the War on Drugs violates a provision of the United States Constitution or any facts which would give him standing to raise such a claim. Indeed the only specific language or right cited by Plaintiff is the right to the pursuit of happiness, which does not appear in the United States Constitution, but is in the Declaration of Independence. However, this does not give rise to a cause of action. In short, Plaintiff provides no plausible claim against any of the governmental defendants.

Plaintiff does mention "violations of perpetrations against his nation origin, his skin color, his race, his religion, and his creed, as well as violations of a corrupt nature, involving various operations and interrealations of government agencies, the ministry organizations, private companies and major corporations, and the public in general." (Complaint at 2). But there are no allegations in the Complaint, which could sustain a claim under either the Equal Protection Clause of the Fourteenth Amendment or under the Equal Protection component of the Due Process Clause of the Fifth Amendment as against the United States.

"The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Scarbrough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Plaintiff does not identify any particular governmental decisions or actions that have injured him in particular. Nor does Plaintiff allege any disparate treatment, but merely

---

[1] The Court reproduces the passage complete with typographical errors without individually noting each error as existing in the complaint due to the number of errors.

rephrases his accusation that a vast conspiracy exists to deprive him of his rights in a variety of ways, without indicating which rights were infringed.

Plaintiff fails to allege any specific violations of the United States Constitution or any other viable claim against the United States or the other governmental entities party to this action. Some of Plaintiff's claims against these defendants are frivolous and are without basis in law or fact, others fail to state a claim upon which relief may be granted. For these reasons, the Court will **DISMISS** Plaintiff's claims against the various governmental entities.

### C. Employer and Prospective Employer

Plaintiff does allege Wal-Mart Stores, Inc., was his employer from 1991 to 2004, and he also mentions the Civil Rights Acts of 1964 and 1991 several times (Complaint at 3). Plaintiff also mentions he was offered a position working for Dollar General Stores (Complaint at 9). However, there is no accusation of any adverse employment action. Plaintiff provides no allegation for how his employment ended with Wal-Mart Stores, Inc. Plaintiff provides no allegation at all he was treated differently from any other employee on the basis of race.

Plaintiff also alleges the terms and conditions of employment at Dollar General Stores were so oppressive as to be slavery. Plaintiff does not specifically mention the Thirteenth Amendment, but it is the relevant amendment, and it prohibits slavery and involuntary servitude in the United States (Complaint at 7). However, the Thirteenth Amendment prohibits "involuntary servitude enforced by the use or threatened use of physical or legal coercion. The guarantee of freedom from involuntary servitude has never been interpreted specifically to prohibit compulsion of labor by other means, such as psychological coercion." *United States v. Kozminski*, 487 U.S. 931, 944 (1988). Plaintiff does not allege any such physical or legal compulsion.

-5-

Case 1:08-cv-00072-CLC-SKL   Document 42   Filed 09/08/08   Page 5 of 7   PageID #: 166

Plaintiff fails to allege any facts to support a claim under the Civil Rights Acts of 1964 and 1991, and Plaintiff fails to allege any facts to support any potential claim under the Thirteenth Amendment. Therefore, the Court will **DISMISS** claims against Wal-Mart Inc. and Dollar General Stores because the complaint fails to state a claim upon which relief may be granted against these defendants.

### D. Libel

Plaintiff does mention the tort of defamation at least twice in the complaint (Complaint at 2, 5). The elements of a claim of defamation in Tennessee are: "1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statements or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Memorial Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). Plaintiff fails to identify the defamatory statement, fails to allege publication, and fails to indicate what damages the alleged statement or statements caused. Plaintiff offers no facts or allegations related to his claims for libel and slander aside from the conclusion that all defendants in fact libeled and slandered him. For these reasons, Plaintiff has failed to state a claim upon which relief may be granted in regard to his claim of defamation. The Court will also **DISMISS** these claims.

### E. Tennessee Consumer Protection Act

Plaintiff has named a number of his creditors as defendants, and Plaintiff in his prayer for relief generally asks for three times each claimed debt as relief. The Tennessee Consumer Protection Act of 1977 ("TCPA"), Tenn. Code Ann. §§ 47-18-101 to 47-18-128, provides for an award of triple damages if the employment of an unfair or deceptive trade practice is a willful or knowing violation of the TCPA. Tenn. Code Ann. § 47-18-109(a)(3). Even if Plaintiff intended to

plead claims under the TCPA he has fallen short. He identifies no unfair or deceptive trade practice as required. Tenn. Code Ann. § 47-18-104.

Even if he had, this Court is without jurisdiction to hear any TCPA claim. Federal courts are courts of limited jurisdiction, and any TCPA claims Plaintiff may have are claims arising under Tennessee state law. The Court has already dismissed all of Plaintiff's claims which arise under the United States Constitution and federal laws above, and so the only possible subject matter jurisdiction for TCPA claims is under diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires that every defendant be a citizen of a different state than every plaintiff. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). It appears Plaintiff is a citizen of the State of Tennessee, as are both defendants UT Family Practice Center and Somo Enterprize (Complaint at 2).

The Court will **DISMISS** any potential claim under the TCPA as the complaint fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set out above, the Court finds the complaint is partly frivolous, and where the complaint is not frivolous it fails to state a claim upon which relief may be granted. The Court will **DISMISS** Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**